UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JULIUS JONES,                                              :
                Petitioner,
                                                :
    -against-                             **REPORT AND RECOMMENDATION**
                                                :
                                                   09 Civ. 10281 (RMB)(KNF)
WARDEN J.M. KILLIAN,                                       :
                Respondent.
------------------------------------------------------------x

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD M. BERMAN, UNITED STATES DISTRICT JUDGE

      Before the Court is Julius Jones' ("Jones"), pro se petition for a writ of habeas corpus, made pursuant to 28 U.S.C. § 2241. Jones alleges the Bureau of Prisons ("BOP") is violating his constitutional rights, by not treating his New Jersey state and federal sentences as concurrent. Jones contends he was sentenced in the United States District Court for the District of New Jersey, in August 2006, to a term of 70 months imprisonment. Thereafter, in the New Jersey Superior Court, Hudson County, Jones was sentenced to "seven years [imprisonment,] with 36 months parole ineligibility," which was to run "concurrent[ly] with [Jones'] federal sentence." The federal judicial officer who sentenced Jones did not indicate whether the sentence was intended to be served concurrently or consecutively with Jones' future state sentence. Jones alleges that, as a result of BOP's failure to treat his federal and state sentences as being served concurrently, his scheduled release date has been postponed, from October 18, 2010, to December 13, 2013.

In Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72 (2d Cir. 2005), the Second Circuit Court of Appeals found that the habeas corpus petitioner "lack[e]d any ground for relief under current law," when he petitioned a federal district court for a "declaration that his sentence in the state correctional facility should run concurrently to his federal prison sentence." Abdul-Malik, 403 F.3d at 73.  Just as with Jones, Abdul-Malik was: (1) convicted and sentenced in federal court, while state-court criminal charges were pending against him, and no determination was made by the federal court on whether the federal sentence would run consecutively or concurrently with Abdul-Malik's future state sentence; (2) sentenced by a state court shortly after he was sentenced in federal court; and (3) informed by the state court, that his state sentence was to be served concurrently with his federal sentence.  In reviewing the district court's denial of habeas corpus relief to Abdul-Malik, after finding the petition was meritless, the Second Circuit explained that, under 18 U.S.C. § 3612(b), BOP has the authority to "'designate the place of the prisoner's imprisonment' and for that purpose to 'designate any available penal or correctional facility . . . whether maintained by the Federal Government or otherwise'" and, therefore, "the BOP could designate the state facility in which the prisoner was serving his state sentence as the place of federal confinement–with the result that, if the BOP made such a designation, the prisoner's sentences would effectively run concurrently."  Id. at 75 (quoting McCarthy v. Doe, 146 F.3d 118, 122-23 [2d Cir. 1998]).

The Second Circuit explained further that, "the decision whether to designate a facility as a place of federal detention" is within BOP's discretion, and the "deliberate and informed determination by" BOP should not be second-guessed lightly.  Id. at 76.  In the circumstance of the case at bar, it is within the province of BOP, and not the court's, to determine where Jones'

2

sentences are to be served and, concomitantly, whether they will be served concurrently or consecutively.  Consequently, the Court finds that Jones is not entitled to federal habeas corpus relief.

### RECOMMENDATION

For the reasons set forth above, I recommend that Jones' petition for a writ of habeas corpus be denied by your Honor, sua sponte, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rules Governing Section 2254 Cases"), which Rule is made applicable to this petition by Rule 1(b) of the Rules Governing Section 2254 Cases.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard M. Berman, 500 Pearl Street, Room 650, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to Judge Berman.  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.  See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v.

Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
       February 4, 2010

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Mailed copy to:

Julius Jones