UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JULIUS JONES,

                        Petitioner,

     -against-

WARDEN J.M. KILLIAN,

                        Respondent.
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/30/10
```

09 Civ. 10281 (RMB) (KNF)

**ORDER**

### I. Background

On or about December 18, 2009, Julius Jones ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against Warden J.M. Killian of the Federal Correctional Institution in Otisville, New York ("Respondent"), challenging a decision presumably made by the Federal Bureau of Prisons ("BOP") to run Petitioner's federal term of incarceration consecutively to Petitioner's state sentence (on unrelated charges) rather than concurrently. (Pet., dated Dec. 18, 2009, at 3, 5, 9.) Petitioner alleges that Respondent "has failed and refused to respect the [state court's] decision to give a concurrent prison sentence and afford the [P]etitioner the appropriate jail time credit." (Pet. at 9.)[1]

---

[1] Petitioner's federal judgment of conviction for the crime of unlawful possession of a firearm, dated Aug. 2, 2006, does not mention concurrence, although the Court had been informed that "the [Petitioner was] still in state custody . . . fac[ing] additional state charges." Audio Taped Proceedings, No. 06 Cr. 58 (D.N.J. Aug. 2, 2006).

Petitioner's state judgment of conviction for the crime of possession of a controlled dangerous substance with intent to distribute within 1000 feet of a school zone, dated Aug. 8, 2006, states that the Petitioner's sentence should run "concurrent with federal sentence." (State J. of Conviction, dated Aug. 8, 2006.)

On February 4, 2010, United States Magistrate Judge Kevin N. Fox, to whom the matter had been referred, issued a report and recommendation ("Report") recommending that the Petition be denied because, among other reasons, "it is within the province of [the] BOP, and not the court[], to determine where Jones' sentences are to be served and, concomitantly, whether they will be served concurrently or consecutively." (Report at 2–3.)

The Report advised that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections." (Report at 3.) On February 10, 2010, Petitioner filed objections to the Report ("Objections") acknowledging that "the federal court did not order the two sentences to [run] concurrent[ly]," but also asserting that Petitioner "was held in federal detention as well as in state detention, the whole time that the [P]etitioner was incarcerated in the state [facility]." (Obj. at 1.) Respondent did not file a response to Petitioner's Objections.

**For the reasons stated below, the Report is adopted in its entirety and the Petition is denied.**

## II.  Standard of Review

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 635(b)(1)(C); see also Nelson v. Smith, 618 F. Supp. 1186, 1189-90. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

Where, as here, a petitioner moves pro se, the Court will "read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III.   Analysis

The Court has conducted a de novo review of the issues raised in the Petition, the Report, Petitioner's Objections, and applicable legal authorities, and concludes that the determinations and recommendations of Judge Fox are supported by the record and the law in all respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Petitioner's Objections do not provide the basis for departing from the Report's conclusions and recommendations.[2]

Judge Fox correctly determined that the BOP had the discretion to determine "where [Petitioner's] sentences are to be served." (Report at 2); Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72 (2d Cir. 2005) ("the decision whether to designate a facility as a place of federal detention is plainly and unmistakably within the BOP's discretion"). The magistrate judge also concluded correctly that BOP had the discretion to determine whether Petitioner's sentences would be served "concurrently or consecutively." (Report at 3); United States v. Benitez, No. 98 Cr. 874, 2009 WL 4857491, at *1 (S.D.N.Y. Dec. 11, 2009) ("the Bureau of Prisons has the sole discretion to determine whether [Petitioner's] federal sentence should be deemed to run concurrently with his state sentence"); Akinlade v. United States, No. 99-2645, 2000 WL 572913, at *2 (2d Cir. May 11, 2000).

When Petitioner was sentenced in federal court, on August 2, 2006, he had not yet been sentenced in state court. See Audio Taped Proceedings, No. 06 Cr. 58 (D.N.J. Aug. 2, 2006)

---

[2]   As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

3

("[Petitioner] faces additional state charges, he is here before [the district court] on a state writ"); see also 18 U.S.C. § 3584(a); Jenkins v. United States, 246 F.R.D. 138, 140–142 (E.D.N.Y. 2007); United States v. Clayton, 927 F.2d 491, 492 (9th Cir. 1991).

### IV. Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case. See Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). Any appeal from this Order will not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

### V. Conclusion and Order

For the reasons stated herein, the Report [#7] is adopted in its entirety and the Petition [#1] is denied.

Dated: April 30, 2010
New York, New York

_____
RICHARD M. BERMAN, U.S.D.J.

4